20-cv-04668 (PKC)

## SUPPLEMENTAL BAIL MOTION §2251

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 12 2020 ★
BROOKLYN OFFICE

RECEIVED
NOV 12 2020
PRO SE OFFICE

Dear Hon. Chen,

Based on previous filings, arguments and facts that I presented in this case and in the Court of Appeals 20-293, in accordance with section 2251, Mapp v Reno, 241 F3d 221, (2nd Cir. 2001) and Landano v Rafferty, 970 F2d 1230, (3rd Cir. 1992), I am qualified for bail pending this habeas corpus

I. I raised substantial claims

① I have raised Constitutional Speedy Trial in Court of Appeals, 2nd Cir. 20-293 that the state cannot defend, and showed prejudice even though it is presumptive.

② The evidence is insufficient for the state failed to prove all four elements of possession. The people failed to prove that the contraband in question was contraband (and not virtual images/videos or not lewd by NY definition that would comply with NY Constitution, Dost factors are too blurry and does not have the bright line rule the NY Constitution requires), That I knew it was contraband (PEN 263.16 "knowing the character and contents" the people failed too prove I knew it was not virtual) that I possessed it (People v Lucas, 84 AD2d 582, 2nd Dept 1981 – past possession does not prove possession on date of indictment, and no one testified that the files in question were not deleted and if they were deleted, I could not control the contraband, ie not have ready access to it) and that I knew I possessed it (People v Kent 19 NY3d 290, 2012 talks about cache files. Deleted files are not distinguishable in this case) Although the trial court denied circumstantial charge, nothing in the trial record proved direct evidence for constructive possession. (People v Ayala 154 AD3d 1293, 4th Dept, 2017 where direct evidence for area but no direct evidence for contraband), and in such a case, that the People must also "exclude to a moral certainty every other hypothesis except that of the accused's guilt" (People v Brown, 133 3d 772, 2nd Dept. 2015)

③ Trial counsel was ineffective for failing to raise these claims with specificity when he made a general motion to dismiss (see People v Henry 166 AD3d 672 3rd Dept, 2018 ruling that defendant failed to preserve issues) and failed to make a proper speedy trial motion, and other dispositive (is that the right word?) motions like to dismiss the grand jury indictment. (People v Seaman 104 misc 2d 10, 1980)

④ conflict of interest based on low salaries of NY public defenders. The salaries are so low that it rebuts the presumptive that attorneys will remain loyal to their duties as attorneys.

①

⑤ Jury instruction was improper since it created a presumption that relieved the prosecution of its burden to prove all the elements of a crime beyond reasonable doubt. and paragraph ② herein shows prejudice.

⑥ Trial counsel allowed past crimes into evidence that was not relevant to prove any material fact. None of the crimes were directly involved with the e-mails for the date of the indictment in question and even if it did prove an element, its value was substantially outweighed by the potential for prejudice. (People v Frumusa, 79 NE3d 495, 501 (NY 2017)

⑦ No appellate counsel for almost three years. Although my lawyer Jonathan working for Appellate Advocates is very recomended, the even delays by court reporters thwart any ability for Appellate Advocates to represent me and therefore it's as if I don't have an attorney. (Restrepo v Kelly, 178 F3d 634, 2nd cir, 1999 holds constructive denial of counsel is legally presumed to result in prejudice in a case where petitioner was deprived of "any assistance of counsel on appeal")

⑧+ Other issues include not a jury of my peers, failure for counsel to remove a juror, who admitted she could not be impartial (she was eventually removed) during jury selection, facial expressions of jurors during trial indicated not impartial, no hearing on a motion to supress warrant, failure for counsel to file a proper CPL 30.30 motion, I don't have access to my court files now, but I have more claims.

Furthermore, I have two substantial claims under 2241 rather than 2254 since they don't attack my conviction, but rather due process violations that surround my conviction. (Decisions on these issues can be made without deciding the above issues)

① Delayed appeal
② Arbitrary denial of bail pending appeal by the trial court.

II. I have extraordinary circumstances

① Prison conditions alone are not extraordinary, but my prison conditions are extraordinary since I moved 8 times, even went to the Special Housing Unit 11 times, in less than 3 years (a person in the Special Housing Unit for 12 months has more stability), staff sends inmates directly or indirectly to harass, attack, or harass steal from me, I lost legal work and was denied law library access and even basic supplies like paper – which distinguishes from other inmates prison conditions.

② I have less than 14 months left to my sentence (Landano v Rafferty, 970 F2d 1230, 3rd cir, 1992 specifically notes short sentences as extraordinary circumstances)

③ I have a delayed appeal – which distinguishes from most other federal habeas corpus applications (Distinguished from Landano that had delay post-conviction)

④ I was on bail before conviction and after conviction, but before sentencing – also distinguishes from most habeas corpus applications.

②

⑤ Arbitrary denial of NY bail pending appeal (Distinguished from Landano where state doesn't provide bail)

⑥ NY's breakdown of the judicial system for post-conviction relief. As I have had court clerks lose my documents or basically not file them, or they would reject my documents not accordance with the law, or the judges would arbitrarily deny my NY due process, and they have denied me access to appeal a state habeas corpus by denying me poor person relief, the chief judge of NY denied my statutory right to appeal a 440.10 motion pursuant to CPL 450.70(2) (case law indicates I am the first person to use the statute), Erie County Judge denied my right to a state habeas corpus challenging the arbitrary denial of the bail pending appeal by the trial court, New York County clerk lost my state habeas corpus (Distinguished from Landano where normal court proceedings caused delays).

Even if each reason alone would not be deemed extraordinary circumstances, the totality of all the reasons combined are extraordinary.

⑦ I was denied release due to my refusal to talk about my conviction while my direct appeal is pending in case I have a retrial and it could be used against me. I was kicked out of treatment and lost my conditional release date because of that. I guess this is also prison condition. (People v Britton 148 AD 3d 1064, 2nd Dept, 2017, holding that 5th Amendment right to remain silent extends until direct appeal is completed where defendant pled not guilty and lost at trial) (Also note that 6th Amendment right to counsel extends until direct appeal is completed).

III I have a likelihood of success — If you can't grant bail, then Please appoint me an attorney to bring you evidence faster than the state.

I don't know how to properly argue this part. You don't have the record to be able to verify my claims. However, you may take judicial notice of certain facts, to help show a likelihood of success. From my arrest to trial was 2½ years which activates the Barker factors. My appeal is delayed almost three years — you can call Appellate Advocates 212-693-0953 who will confirm that they waited 2 years for transcripts. Conflict of interest claim that NY public Defenders get $75 per hour is in the NY statue.

Technical reasons to deny me federal habeas corpus does not apply to me since circumstances exist that render NY state process ineffective (28 USCA 2254 (b)(1)(B)(ii)) Take judicial notice on NY State's E-courts website of my filings (Greene County, Erie County, Kings County and Oneida County) of state habeas corpus, plus the delayed direct appeal.

③

I also ask the court to call Abraham Tischler 347-743-7715 who recently started to assist me (he is not a lawyer) and has some filings that he can send you to verify the facts herein.

I affirm under penalty of perjury that everything herein is true to the best of my knowledge

Respectfully Submitted

Joseph Hayon
Marcy Correctional Facility

(4)

MARCY CORRECTIONAL FACILITY
BOX 3600
MARCY, N.Y. 13403-3600

NAME: Joseph Hayan   DIN: 18R0375

Clerk of U.S. District Court
Eastern District of NY
225 Cadman Plaza East
Brooklyn, NY 11201

Marcy

Correctional Facility

NEOPOST
11/06/2020
US POSTAGE $000.50⁰

ZIP 13403
041L11259879



Legal Mail