UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH HAYON,<br>      Petitioner,<br><br>   -against-<br><br>PATRICK REARDON,<br>      Respondent. | AFFIRMATION OPPOSING DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>20-cv-04668 (PKC) |

STATE OF NEW YORK)
      ) SS:
COUNTY OF KINGS )

  MICHAEL BIERCE, an attorney admitted to practice in the State of New York and before this Court, affirms the following to be true under penalty of perjury:

  1. I am an Assistant District Attorney for Kings County.

  2. By agreement with the Attorney General of the State of New York, the District Attorney for Kings County represents Respondent in this matter.

  3. This affirmation is submitted in opposition to the pro se motion for a preliminary injunction ("Motion" or "Mot."), dated October 28, 2020, filed by Joseph Hayon (hereinafter "defendant"), as well as this Court's November 11, 2020, order directing Respondent to respond to the Motion by November 25, 2020.

  4. The following statements are made upon information and belief based upon the records and files of the Kings County District Attorney's Office ("KCDA").

5. Unless otherwise indicated, Respondent rejects defendant's factual allegations and representations.

6. In 2015, defendant used an email account to exchange pornographic images and videos of children and to advise others of techniques for collecting such images and evading detection by law enforcement. Defendant told police officers that he owned the email account and that he had exchanged the child pornographic images associated with the account. Pursuant to search warrants, the police searched defendant's home and place of business and recovered computers that contained approximately 15,000 child pornographic images and videos.

7. Defendant was ultimately charged, via superseding Kings County Indictment Number 2039/2016, with eight counts of Promoting a Sexual Performance By a Child (N.Y. Penal Law § 263.15) and ninety-five counts of Possessing a Sexual Performance By a Child (N.Y. Penal Law § 263.16).[1]

---

[1] This Court directed Respondent to address "the status of [defendant]'s direct appeal before the state court and discuss[] whether any delay in those proceedings justifies granting [defendant] any relief." E.D.N.Y. Dkt. No. 20-cv-04668-PKC, text entry of 11/11/2020. The order also extended the time in which to respond to the merits of defendant's habeas petition and file the state court record. The instant opposition accordingly focuses principally on facts and law relevant to analyzing any potential state-appellate-delay claims.
 The trial court dismissed nine counts of the superseding indictment prior to trial.

### Trial and Direct Appeal

8. On or about November 30, 2017, defendant's trial began in the New York State Supreme Court, Kings County. At the end of the trial, a jury convicted defendant of ninety-four counts of Possessing a Sexual Performance By a Child (N.Y. Penal Law § 263.16).

9. On January 31, 2018, defendant was sentenced to prison terms of one-and-one-third to four years for each of the ninety-four counts, running concurrently (Chun, J., at trial and sentence). On the same date, defendant received leave from the trial court to proceed as a poor person on appeal (Exh. A).

10. On February 1, 2018, defendant filed a notice of appeal from his judgment of conviction (Exh. B).

11. In a notice dated June 11, 2018, the Appellate Division, Second Department opened a file in defendant's direct appeal and assigned the appeal a docket number (Exh. C).

12. On July 11, 2018, the Second Department assigned Appellate Advocates to represent defendant on direct appeal and ordered the trial court's stenographer to make and file copies of the transcripts of defendant's pre-trial hearings and jury selection, trial, and sentencing proceedings in this case (Exh. D).

13. In a letter dated May 16, 2019, Appellate Advocates requested from the KCDA copies of any suppression hearing

exhibits and trial exhibits in this case (Exh. E). According to a notation on the request (id.), as well other KDCA records and my conversations with KCDA personnel, this request was fulfilled by November 7, 2019, although several exhibits were not provided because they contained child pornography and one hearing exhibit was provided in redacted form.

14. By motion dated September 16, 2019, Appellate Advocates moved to enlarge the record on appeal to include the minutes of several non-"hearing" pre-trial proceedings (see Exh. F). The motion observed that speedy-trial issues had been litigated below and, "[b]ased on an initial review of [defendant]'s trial court file," the minutes of eleven additional proceedings were necessary to review those issues (id.). Indeed, the motion contended that Appellate Advocates could not "adequately represent or advise [defendant]" without those minutes (id.).

15. On or about September 22, 2019, defendant filed a pro se "supplemental affidavit in support of additional transcript minutes" (Exh. G). He contended that his right to a speedy appeal had been violated when "the lower court clerk" failed to timely send his Notice of Appeal to the Second Department (id.). He also contended that it had taken him "about a year" following the Second Department's July 11, 2018, order to receive his trial minutes and that, "based on this fact," it would take

"another year" to get additional pre-trial transcripts (id.). Defendant also maintained that "the minutes of ALL pretrial court appearances [we]re necessary" to review his speedy trial claim (id.).

16. By affirmation dated October 2, 2019, the People took no position on the motion to enlarge the record (Exh. H).

17. On January 13, 2020, the Second Department granted defendant's motion, ordering the trial court's stenographer to make and file copies of the transcripts of those eleven additional proceedings (Exh. I).

18. Based upon information provided by Jonathan Schoepp-Wong, a Staff Attorney at Appellate Advocates, all of the transcripts mentioned in the Second Department's orders were prepared by September 30, 2020.

19. Defendant has not yet perfected his direct appeal.

20. Based upon information provided by Paul Skip Laisure, Attorney-in-Charge at Appellate Advocates, defendant's case was recently reassigned to another attorney at Appellate Advocates, who will be able to perfect the appeal more expeditiously.

Bail Motion

21. By motion dated June 12, 2019, defendant moved in trial court to stay the execution of his judgment and be released on his own recognizance or on bail (Exh. J). He argued that trial counsel was ineffective in several ways; the trial

5

court had improperly denied his motion to controvert several search warrants in the case; he was denied the right to a fair and impartial jury; inadmissible evidence was introduced to the grand jury and defendant was "prejudiced by" the grand jury proceedings; the evidence was legally insufficient and the verdict was against the weight of the evidence; and he was not prosecuted within "the statutory time frame" (id.). He further claimed that he was not a flight risk (id.).

22. On or about August 6, 2019, defendant filed a supplemental affidavit in support of his bail motion, claiming, in part, that his prior submission had been lost by court personnel (Exh. K).

23. On or about August 22, 2019, defendant sent the trial court a letter asking that the court grant habeas corpus relief based on "the due process violation that was caused by a courthouse clerk" (Exh. L).

24. On August 23, 2019, the People filed an opposition to defendant's bail motion, responding to each of defendant's contentions and ultimately maintaining that his potential appeal was "palpably without merit" and there was not a "strong likelihood of reversal of the judgment" (Exh. M). The opposition also observed that defendant had become eligible for parole in May 2019, that he had been denied parole, and that his next parole hearing was scheduled for January 2021 (id.).

25. On or about September 8, 2019, defendant replied in further support of his bail motion (Exh. N).

26. In a letter dated September 12, 2019, the People opposed defendant's request for habeas corpus relief, observing that the trial court had received defendant's bail motion and the motion had been briefed and calendared (Exh. O).

27. The trial court denied defendant's bail motion without a hearing on October 30, 2019, finding it "highly unlikely" that defendant's convictions would be reversed on appeal (Exh. P).

Section 440 Motion

28. In a motion dated July 8, 2019, defendant sought to vacate his conviction under N.Y. C.P.L. § 440.10, on the grounds that his trial had violated his constitutional right to a speedy trial (Exh. Q).

29. On October 28, 2019, the People filed an opposition to defendant's § 440 motion, arguing that, although pre-trial delay in defendant's case was lengthy, most of that delay was for defendant's benefit or due to exceptional circumstances, the charges against defendant were serious, defendant was released on bail before trial, and defendant was not prejudiced by the delay (Exh. R). The People also argued that defense counsel was not ineffective for failing to successfully argue the speedy trial issue (id.).

7

30. In a letter dated December 4, 2019, defendant asked the trial court to assign counsel to pursue the § 440 motion, specifically requesting "Brooklyn Defenders or Appellate Advocates" because other assigned attorneys had "failed to properly represent [him]" (Exh. S). He also contended that he needed transcripts for "all pretrial hearings" in order to respond to the People's opposition (id.).

31. On February 14, 2020, the trial court denied defendant's § 440 motion, citing substantially the same grounds advanced by the People, and denied defendant's request to appoint counsel (Exh. T).

32. In or about March 2020, defendant sought leave to appeal the denial of his § 440 motion, both to the Second Department and to the New York Court of Appeals (Exhs. U, V).

33. On June 24, 2020, the People opposed defendant's motion for leave to appeal to the Second Department from the denial of his § 440 motion (Exh. W).

34. On June 25, 2020, the New York Court of Appeals denied defendant's application for leave to appeal on the ground that an appeal did not lie in that court (Exh. X).

35. On July 22, 2020, the Second Department summarily denied defendant's motion for leave to appeal the denial of his § 440 motion (Exh. Y).

Prior Federal Proceedings

36. On or about September 30, 2019, defendant filed a pro se petition for habeas corpus in this Court, raising, inter alia, a speedy appeal claim (E.D.N.Y. Dkt. No. 19-cv-05545-PKC ["First E.D.N.Y. Dkt."], Doc. 1).

37. On October 8, 2019, this Court dismissed defendant's petition without prejudice sua sponte to permit him to exhaust his claims in state court (First E.D.N.Y. Dkt., Doc. 3). The Court observed, in part, that, without trial transcripts, the Court could not assess the merits of defendant's claims (id.).

38. This Court entered judgment on October 9, 2019 (First E.D.N.Y. Dkt., Doc. 4).

39. Defendant moved to amend the judgment, arguing in part that state-court delay excused him from fulfilling the exhaustion requirement, but this Court rejected that argument via text entry dated December 9, 2019, because "the 20-month delay relating to [defendant's] direct appeal [was] not so unreasonable so as to establish undue delay" and his other post-conviction motions were filed in 2019 (First E.D.N.Y. Dkt., Doc. 5 & text entry of 12/9/19).

40. Defendant filed a notice of appeal to the Second Circuit dated January 16, 2020 (First E.D.N.Y. Dkt., Doc. 8). The Second Circuit ultimately dismissed defendant's appeal as untimely filed (see First E.D.N.Y. Dkt., Doc. 9 [Mandate]).

The Instant Federal Proceeding

41. Defendant filed his instant pro se federal habeas petition on or about September 3, 2020 (E.D.N.Y. Dkt. No. 20-cv-04668-PKC ["Second E.D.N.Y. Dkt."], Doc. 1 ["Petition" or "Pet."]). The Petition raises four grounds for relief (Pet. at 9-21).[2]

42. The Petition's first ground for relief alleges that defendant was denied due process because he was denied bail pending direct appeal (Ground One) (Pet. at 9-11).

43. The Petition's second ground for relief alleges that defendant was denied his right to a speedy trial (Ground Two) (Pet. at 11-15). Ground Two also claims that trial counsel was ineffective for failing to "properly" make that argument (Pet. at 11).

44. The Petition's third ground for relief alleges that defendant was denied his right to a speedy appeal because he filed a notice of appeal in February 2018 but he is "still waiting" (Ground Three) (Pet. at 15-17).

45. The Petition's fourth ground for relief alleges that the "jury wheel" in his case was "unconstitutional" because

---

[2] Throughout this opposition, all citations to particular pages of state-court records or defendant's pro se filings use continuous .pdf pagination, i.e., "Pet. at 10" cites the tenth page of the .pdf file constituting the Petition, without reference to any pagination appearing on the filing itself.

10

"[t]here were no Jews in the jury wheel," defendant is Jewish, and "Brooklyn has a lot of Jews" (Ground Four) (Pet. at 17-21).

46. The Petition also purports to "reserve the ability to raise addition[al] grounds for relief" because "not all [of defendant's] claims are exhausted" (Pet. at 24).

47. In October 2020, the Court ordered Respondent to respond to the Petition and file the state court record (Second E.D.N.Y. Dkt., Doc. 4).

48. On or about October 28, 2020, defendant filed the instant Motion. Therein, defendant requests a "stay of [his] conviction" and to be released on bail pending the conclusion of these federal proceedings (Mot. at 1). Defendant contends that he faces multiple hardships in prison, he has almost completed his sentence, his direct appeal has been "delayed" almost three years, he is not a flight risk, and his federal claims have "palpable merit" (Mot. at 1-4).

49. Via order dated November 11, 2020, the Court ordered Respondent to respond to the Motion by "updating the Court on the status of [defendant]'s direct appeal before the state court and discussing whether any delay in those proceedings justifies granting [defendant] any relief" (Second E.D.N.Y. Dkt., text entry of 11/11/2020). The Court also extended, through January 15, 2021, the time in which Respondent could respond to the Petition and file the state court record (id.).

50. According to the New York State Department of Corrections and Community Supervision Inmate Locator, defendant is currently imprisoned pursuant to the judgment in this case, and he is next eligible for a parole hearing date in January 2021.

51. Respondent is supplying to the Court the following documents:

>(i) the trial court's January 31, 2018, order granting defendant leave to proceed as a poor person on direct appeal (Exh. A);
>
>(ii) defendant's February 1, 2018, notice of appeal to the Second Department (Exh. B);
>
>(iii) the June 11, 2018, notice from the Second Department that a case file had been opened on direct appeal (Exh. C);
>
>(iv) the Second Department's July 11, 2018, order assigning Appellate Advocates on direct appeal and ordering the production of transcripts (Exh. D);
>
>(v) Appellate Advocates' May 16, 2019, letter to KCDA requesting exhibits (Exh. E);
>
>(vi) Appellate Advocates' September 16, 2019, motion to enlarge the appellate record (Exh. F);
>
>(vii) defendant's September 22, 2019, pro se supplemental affidavit "in support of additional transcript minutes" (Exh. G);
>
>(viii) the People's October 2, 2019, non-opposition response to Appellate Advocates' motion to enlarge the record (Exh. H);
>
>(ix) the Second Department's January 13, 2020, order granting Appellate Advocates' motion and ordering the production of additional transcripts (Exh. I);

(x) defendant's June 12, 2019, pro se motion in trial court to stay the execution of judgment and obtain release on bail or his own recognizance (Exh. J);

(xi) defendant's August 6, 2019, pro se supplemental affidavit in support of his bail motion (Exh. K);

(xii) defendant's August 22, 2019, letter requesting habeas corpus relief in his bail proceeding (Exh. L);

(xiii) the People's August 23, 2019, opposition to defendant's bail motion (Exh. M);

(xiv) defendant's September 8, 2019, pro se reply in further support of his bail motion (Exh. N);

(xv) the People's September 12, 2019, opposition to defendant's letter requesting habeas relief (Exh. O);

(xvi) the trial court's October 30, 2019, order denying defendant's bail motion (Exh. P);

(xvii) defendant's July 8, 2019, pro se motion for relief under N.Y. C.P.L. § 440.10 (Exh. Q);

(xviii) the People's October 28, 2019, opposition to defendant's § 440.10 motion (Exh. R);

(xix) defendant's December 4, 2019, letter requesting assignment of counsel in his § 440.10 proceeding (Exh. S);

(xx) the trial court's February 14, 2020, order denying defendant's § 440.10 motion (Exh. T);

(xxi) defendant's March 2020 pro se applications for leave to appeal the denial of his § 440.10 motion (Exhs. U, V);

(xxii) the People's June 24, 2020, opposition to defendant's motion for leave to appeal to the Second Department from the denial of his § 440.10 motion (Exh. W);

(xxiii) the New York Court of Appeals' June 25, 2020, order denying defendant's motion for leave to appeal the denial of his § 440.10 motion (Exh. X); and

(xxiv) the Second Department's July 22, 2020, order denying defendant's motion for leave to appeal the denial of his § 440.10 motion (Exh. Y).

52. I certify under penalty of perjury that the foregoing is true and correct.

For the reasons stated in the attached Memorandum of Law, defendant's Motion should be denied.

Dated:   Brooklyn, New York
         November 20, 2020

*[signature: Michael Bierce]*

Michael Bierce
Assistant District Attorney
(718) 250-2005

cc:  Joseph Hayon
     DIN # 18-R-0375
     Marcy Correctional Facility
     9000 Old River Road
     P.O. Box 3600
     Marcy, NY 13403