RECEIVED
DEC 04 2020
PRO SE OFFICE

MEMORANDUM OF LAW   Index 20-cv-04668 (PKC)

PRELIMINARY STATEMENT FOR <u>PRELIMINARY INJUCTION</u>

Although this court ordered to argue "whether any delay in [the direct appeal] proceedings justifies granting Petitioner any relief" and did not order any relief proposals, I am requesting an unconditional writ granted pursuant to 28 USC s. 2243 ("dispose of the matter as law and justice require", see also Simmons v Reynolds, 898 F2d 865, 2nd cir, 1990) in the form of the following relief (for the delayed appeal violation only):

1) The full state record — which relief was already granted sua sponte.
2) Immediate release upon posting bail in the amount of one dollar.
3) Assignment of counsel for this proceeding
4) That such counsel be ordered to file an amended complaint
5) A declaration that "circumstances exist that render such [exhaustion] process ineffective" pursuant to 28 USC s. 2254(b)(1)(B)(ii).
6) In the event that the state trial court & conviction is affirmed by any court, that I serve the remainder of my sentence on parole with constitutional conditions.
7) That the City of New York, the State of New York, and/or any of their agencies, as is relevant, to pay Appellate Advocates at least $150 per hour, and remove salary cap.
8) That any city or state contract, as is relevant, with Appellate Advocates should be amended to include a) an increase in salary to $150 per hour, b) any legal work surrounding the enforcement of any delayed appeals, such as a writ of mandamus (Article 78) or state habeas corpus (Article 70), c) bail pending appeal applications and d) any 440.10 motion.
9) That upon compliance with reliefs number 7 and 8, that Appellate Advocates hire more attorneys to accomodate their huge caseload.
10) That upon affirmation of my direct appeal to review state claims.

The legal grounds and reasoning for the relief regarding Appellate Advocates, is that my delayed appeal isn't an outlier of thousands of Appeals, but a simple search on West Law will indicate that most direct appeals by Appellate Advocates (and perhaps in the entire Second Appellate Division) who are representing clients who lost at trial, take at least three years. For this reason alone, I am eligible for an unconditional writ (but I do not want a reversal for the delayed appeal claim) under Simmons ("Should such procedures become unduly burdensome to our district courts, there is nothing to prevent our reconsidering the now-rejected alternative of unconditional release." See Also Brooks v Jones, 875 F2d 30, 32, 2nd Circuit, 1989, & "prompt action in federal district court")

①

# INTRODUCTION

There are two types of claims mentioned in Roberites v Colly, 546 F App'x 17. 1) Unconstitutional conviction and 2) Due Process violation due to a delayed appeal. Roberites claimed that exhaustion should be excused for both claims. The court in Roberites required the comity factor only for the Unconstitutional Conviction claim, and ruled exhaustion is not required for the delayed appeal claim.

This court did not ask the parties to file briefs to excuse exhaustion for any underlying Constitutional claims, but rather to determine if a Due Process violation due to a delayed appeal was present. (Order dated November 11, 2020 cites Roberites "20-21" and not "19-21") Since Respondent already briefed comity and argued the requirement of exhaustion for my unconstitutional conviction claims, they will not be prejudiced if this Court would also issue a ruling on this matter.

My understanding for the November 11, 2020 court order to file briefs on Roberites is due to the second factor in Mapp v Reno, 241 F3d 221 (2nd Cir, 2001). To qualify for bail, I need to

1) Raise a substantial claim in the petition
2) That extraordinary circumstances exist

Since I raised a substantial claim of delayed appeal, this Court ordered parties to file briefs to see if there is a likelihood of success for the delayed appeal claim (which falls under the second element as will be explained).

## I. Delayed Appeal

a) The length of delay clearly weighs in Petitioner's favor

Although in Simmons, the Second Circuit did not determine "a specific interval of time... based on delay... would excuse compliance with the federal exhaustion requirement", they made clear that a three year delay is a due process violation, but never ruled on a delay shorter than three years. However the 10th Circuit held "Two year delay in finally adjudicating a direct criminal appeal ordinarily will give rise to presumption of inordinate delay that will satisfy this first factor in the balancing test for determining whether delay in adjudicating petitioner's direct criminal appeal violated petitioner's due process rights". Harris v Champion, 15 F3d 1538, 1560 (10th Cir, 1994)

Roberites makes clear that a 32 month delay "tilts in favor of... Roberites" and no Second Circuit decision mixes reason for delay with length of delay as was done in Richard-Antonio v O'Meara, 2013 U.S. Dist. LEXIS 134393 (SDNY, 2013). (Therefore Richard-Antonio's ruling is not good law for this factor). While this court ruled that a 20-month delay was not so unreasonable, other jurists of reason could disagree with that opinion (also see Harris, "The particular circumstances of a case may warrant a finding that the passage of less than two years constitutes inordinate delay").

Under Simmons, Roberites, and Harris, this factor clearly weighs in Petitioner's favor. (also see Williams v James, 770 F Supp. 103 - 2½ year net delay)

b) Reason for delay weighs heavily against Respondent and in Petitioners favor.

From 2/1/18 - 7/11/18, the delay was due to the Appellate Division clerk's failure to notify my Attorney of his error [strikethrough: transfer] the Notice of Appeal and Poor Person Order (Respondent's Exhibit A,B). This failure was not due to court congestion. [strikethrough: It takes minimal effort to transfer two or three sheets of paper. This was intentional thwarting of my right to appeal by the court clerk.] Furthermore, the court clerk failed to file my 440 and Bail motions that the clerk received by mail from me. (a subsequent copy was filed in person by a friend). This time is not neutral but weighs heavily against the Respondent. (Also see Odelia Cohen's text messages with trial attorney Doug Appel during this time period). (also see Respondent Affirmation paragraph 22 and Exhibit K and Exhibit N) (sorry there's an error here - see Exhibit A herein)

From 7/11/18 - 7/16/19, the delay was due to the court reporter's failure to provide the transcripts promptly (see CPL 460.70(1) "The court reporter shall promptly make and file..." Although this is usually a neutral reason, attributed to negligence, when such practice is widespread, it is inferred that the state courts are deliberately indifferent to the Due Process violations caused by the delays (see Greene Habeas, Exhibit Q, letter from Appellate Advocates stating that "it generally takes 6 to 9 months to get transcripts") Therefore, this time also weighs heavily against Respondent.

From 7/16/19 - mid-August, the delay was due to Appellate Advocate's excessive caseloads (see enclosed letter from Appellate Advocate's dated 7/16/20 "I will begin reviewing your case once I have completed the cases that I was assigned prior to yours") which is a result of the grossly underpaid public defenders. (see New York County Lawyers' Ass'n v State, 196 misc 2d 761, New York County, 2003 declaring NY County s. 722-b unconstitutional as applied for

③

paying $40 per hour when the federal assigned counsel rate was $90 per hour." Also *aid at 407 "the high work loads of undertaken by assigned counsel do not provide them with the time necessary to devote to each case." Furthermore this time overlapped with the delay by KCDA to provide exhibits (Respondent Affirmation, Paragraph 13). Since the delay of Appellate Advocates is caused by an unconstitutional state statue grossly underpaying my attorney which leads to high work loads and withholds the time my attorney can spend on my appeal, this delay weighs heavily on the Respondent. Even if the grossly underpaid attorney would not weigh against the Respondent, since Respondent delayed providing exhibits, this time would still weigh heavily against Respondent even though my attorney was "at fault" (see U.S. v Carpentar, 781 F3d 599 where a 21-month delay by the court weighed against the state even though there were other motions by defendant during that time.)

From mid-August until 10/2/20 is the time my attorney spent preparing the motion until the People responded unopposed. Since this overlaps the delay by KCDA to provide exhibits, as just explained above, this delay weighs against the Respondent. (U.S. v Carpentar, 781 F3d 599)

From 10/2/20 - 1/13/20 is the time that the Second Appellate Division took to decide an unopposed motion. CPLR 2219 requires all motions decided with 60 days. This decision was more than a month late. Furthermore, such a simple, routine motion doesn't take more than a week to decide. Therefore, this weighs heavily against the Respondent. (Also delay by KCDA) until 11/1/19

From 1/13/20 - 9/30/20 is the time the court reporters took to provide the additional transcripts. The transcripts were due by the end of February. Although COVID-19 definitely caused some delay, since the delay by COVID-19 would never happen had the transcripts been timely produced, the Respondent must bear the responsibility for the entire time. (see U.S. v Black, 918 F3d 243, 262 where a delay by defendant was caused by the governments delay (of superseding indictment), the entire time was attributed to the government, or in better words, any valid delays that would not have happened except for reason of delays by Respondent delays are also attributed to Respondent.)

On 10/1/20, the filing fee was paid for this proceeding and my understanding is that my attorney still doesn't have all the exhibits. There is no reason why censored images/videos cannot be sent to my attorney, and then my attorney could later view the actual files shortly before submitting the brief.

REBBUTAL TO RESPONDENT'S
REASON FOR DELAY (Respondent's memo of law, pages 7-10)

First, it is impossible that the "vast majority of the time has elapsed" due to "appellate counsel working to review defendant's case" (Respondent's memo of law) because the vast majority of the time, my counsel didn't have any transcripts until 7/16/19 (17½ months out of 34 months). The remaining time, counsel barely worked on my appeal because of delays for the additional transcripts. For almost the entire period I received nominal representation at best from counsel directly due to the delayed transcripts. "A party whose counsel is unable to provide effective representation is in no better than one who has no counsel at all" Simmons quoting Evitts v Lucey, 469 US 387, 396.

Second, the trial record to my recollection was about seven days total (3 for trial, 1-jury selection, 1-sentencing, 2- Huntley hearing and Molineux hearing). There were a total of just 34 pre-trial motions, with 5 decisions (pro-se to vacate order of protection, suppress warrant, speedy trial and the addition 2 decisions was inspect grand jury minutes (done sua sponte) and the Huntley hearing). This is not a complex record to need years to review.

Third, any reasonable delay I supported does not justify all the oppressive delays by the State. Furthermore, asking for the entire trial record would not add additional delays to any delays caused by getting just 4 transcripts for just 11 appearances. This is the only time I supported - in part - counsel's "actions" that caused delays. The rest of the time, I received nominal representation. There were multiple court reporters who would create ALL the transcripts simultaneously.

Fourth, even if ~~Appellate Advocates~~ Appellate Advocates was the cause of all the delays, the reason for delay would still fall on the state for my counsel's ineffectiveness. (see Williams v James, 770 F Supp 103, (W.D. N.Y. 1991) where a net two and a half year delay was attributed "to either counsel - due to its caseload - or the Appellate Division - due to its failure to monitor the appeal") Supporting counsel is not relevant in this factor, but in the "assertion of rights factor" and I will discuss it there. (see id "petitioner did not make repeated efforts to contact the Appellate Division and/or counsel")(also see Harris v Kuhlman, 601 F Supp. 987, "state involvement is even greater when counsel is appointed")

In summary, the main reasons for delay are delays by court reporter, failure for the Appellate Division to monitor their appellate dockets, ineffective counsel due to not getting transcripts and overloaded caseloads (due to grossly underpaid attorneys), court clerk's failure to transfer Notice of Appeal and Poor Person Order, delay by KCDA to send exhibits, Appellate Division's delayed order for additional transcripts, and the failure for the City of New York to permit appellate attorneys to enforce their clients due process rights to a speedy appeal (Enforcement of such rights may be in the form of an Article 70 or Article 78 of the CPLR).

Again, Richard-Antonio is bad law for this factor as well since neutral causes "still falls on the wrong side of the divide between acceptable and unacceptable reasons" for delays. Richard-Antonio's court should have charged a two-year delay to the government and then decided if the two-year delay was oppressive. (United States v Black, 918 F3d 243, 2nd Cir, 2019)

Since the reasons for delay were mostly deliberate - and even if they were neutral, such reasons are attributed to the State.

C) Assertion of my Rights Weigh Heavily in my favor. (This also turns any "neutral" reasons into "deliberate" reasons.)

The following people were notified by me of the due process violation caused by the delayed appeal. Appellate Advocates, KCDA, the trial judge, the Greene County Court, The Oneida County Court, Keith Olarnick - principal court reporter, Daniel Alessandrino - Cheif Clerk, Criminal Term, The Second Appellate Division, the Third Appellate Division, the NY Court of Appeals, trial attorney (until I got a Docket # in June, 2018), Abraham Tischler (friend), David Storobin (former State Senator and Criminal Defense Attorney), Odelia Cohen (friend - only regards to missing Notice of Appeal) and the NYS Attorney General. Upon information and belief, my friends contacted the courts on my behalf directly or indirectly. This Court and the Second Circuit was notified as well, and I am sure the federal courts notified the State. (See exhibit B and C herein)

There are no specific actions that are required to satisfy this factor. The steps taken mentioned in Richard-Antonio (see Respondent Memo, page 6 for summary) are not "factors" nor are they "elements" within this Barker factor, rather they are examples, and any one example would satisfy this factor. (see Williams v James, 770 F Supp 103, W.D.N.Y. 1991, petitioner there only moved for appointment of counsel and filed a federal habeas corpus to satisfy this factor; also see Harris v Kuhlman, 601 F Supp 987, EDNY, 1985, petitioner there satisfied this factor even though he didn't "petition the court to change counsel")

It is not required for petitioners to assert any right to satisfy this factor. The only requirement for this factor is that petitioners "did not wave his rights". (see Williams) Nor is it required for petitioners to accompany their requests for a speedy appeal with relief. Most petitioners won't even know what relief they are able to get. Also see Harris v Champion, 15 F3d 1538, 1547 requiring just a federal filing to satisfy this factor.

Furthermore, the only reason for any delays by the <u>Great and Wonderful Jonathan Schoepp-Wong</u> was due to Appellate Advocates overloaded caseload which is due to their grossly underpaid salaries and that New York City does not compensate them to file Article 70 or Article 78 to enforce my due process right to a speedy appeal. Asking for a different underpaid attorney would

be futile, and I would face additional delays (like Harris v Kuhlman). I would end up in the back of the line with the new attorney or if it was an 18-b, I would end up with the equivalent of an Anders brief. (also see Paulin v Grady, 2016 WL 4509068, where petitioner was penalized for writing too many letters to his attorney, footnote 5).

The Great Jonathan Schoepp-Wong was like a great fireman without any water. He can single-handedly put out a large forest fire — but he needs water to be effective. Without water such a fireman is no different from someone in the intensive care unit. His work is solid, with a good reversal record, but without transcripts, he might as well enjoy a long vacation. He also doesn't have any authorization to file any enforcement proceedings. In any event, supporting or opposing my attorney is not one of the Barker factors. Even if I supported my attorney's ineffectiveness, it would still weigh on the state since it is not expected for a defendant to know when his attorney is ineffective. I only supported counsel's actions once where it resulted in additional delay and that time overlapped with KCDA's delay of providing exhibits.

In any event, although not required, I did repeatedly assert my rights to a speedy appeal similar to Simmons. The Greene County Habeas Corpus that the People "couldn't find" is in the NYS Attorney General's office. They seemed to have contacted the Greene County Court, but didn't bother contacting the Second Appellate Division. They know when an appeal is filed, the entire hard copy files are transferred and they didn't bother to follow the trail after I notified them that my appeal is now in the Second Department (see Respondent's memo, page 5). For this reason, this Court should accept all allegations I made regarding the Greene habeas as facts since the People deliberately did not provide the Greene petition.

I am also enclosing some documents showing assertion. This court has evidence that I did not waive my rights. Therefore, this factor weighs heavily against Respondent. (also see Harris v Champion, 15 F3d 1538, 1563 (10th Cir, 1994) "the filing of...federal habeas petitions constitutes a sufficient assertion of petitioner's... rights to a timely appeal")

d) Petitioner is prejudiced.

In the context of a delayed appeal, a violation of due process can be established by the first three prongs of the Barker factors alone, and prejudice is primarily used to decide the appropriate remedy since there is always "appreciable prejudice" (Simmons), which at least qualifies for a 1983 action (Williams).

However, I have been actually prejudiced because I was denied a fair parole hearing due to the delayed appeal as explained in Respondent's Exhibit N. I was removed from program due to my refusal to admit to the crime due to appeal and was denied parole for this exact reason. Furthermore, I was also denied Conditional Release

(7)

or ~~that is~~ in other words, lost all my good time credit due to the delayed appeal. Even if my state appeal is affirmed, I spent more time in prison than I had to.

Third, I suffer possible prejudice, since it is possible that my transcripts are not accurate. To be sure, at this time I am not accusing the court reporters of anything deliberate, but a simple passage of time could fog their memories and forget what the notes they wrote means. As evidence of this possibility, Hon. Chun's denial of bail stated that he supressed the confession due to a NY statue and not because I asked for an attorney. But at the Huntley hearing, Hon. Chun specifically said that he found that the state did not prove beyond a reasonable doubt that they did not violate my right to counsel.

Fourth, I am submitting selected transcripts proving that the state did not provide ~~enough~~ sufficient evidence that I knew and controlled those files. Apparently, this issue of insufficient evidence was fully argued by my attorney and preserved for appellate review. The reading of these transcripts indicate that all files in question were deleted and in the unallocated space. Files in unallocated space still have filepaths (take judicial notice of this computer fact). Since I have a likelihood of success to win on insufficient evidence, the fact I am in prison right now is ~~actu~~ actual prejudice. (due to likelihood of success, see pages 12-14 herein)

Fifth, "where the delay between conviction and the hearing of an appeal exceeds 50% of a petitioner's... sentence, the court can assume that the delay is prejudicial" (Harris v ~~Keith~~ Kuhlman, 601 F Supp 987, EDNY, 1985, although other courts rejected such consideration for the reason for delay factor as all ~~dela~~ oppresive delays are unwarranted regardless of length of prison sentence, this reasoning still applies in the prejudice factor, ~~[illegible]~~ see Paulin v Grady, 2016 WL 4509068) (In Williams, Footnote 4 it is in the prejudice factor.) also see Wheeler v Kelly, 639 F Supp 1374, 1379 (E.D.NY. 1986)

e) Federal-State Comity -

This is not a factor for a due process violation of a speedy appeal.

As to excuse exhaustion...

As soon as the Attorney General provides all the State Habeas Corpus documents including appeals, this Court will have evidence that I made repeated requests to state courts and appointed counsel to expedite my appeal without success. "When it is perfectly apparent, as it is here, that a prisoner's requests to the state court and requests to state-appointed counsel have been to no avail, the prisoner need not take additional steps in the state court before he may be heard in the federal courts" Simmons quoting Brooks v Jones, 875 F2d 30, 31 (2nd Cir, 1989)

Furthermore, the state effectively blocked my ability to exhaust my remedies

8

when the Third Department denied my poor person motion to proceed with the Greene County habeas corpus appeal, when a clerk in the Second Department failed to file my October 1, 2020 poor person application for the same Greene County appeal, when the NY Court of Appeals ~~noted~~ dismissed my appeal from the Third Department's denial of poor person relief even though there ~~is no~~ was a new Third party and such Third Department ruling was final as to the third party (county attorney), when the NY County Court Clerk lost my 4th habeas corpus in March 2020, and as to the claims not on the record and not eligible for a direct appeal, when the Kings County Clerk continuously refuses to file documents I mail them - like the 440, bail, and at least 2 PSI motions and 2 ~~new~~ PSI motions mailed by the prison. Therefore any attempts to exhaust my claims are futile. Also, I faced roadblocks by the state regarding the bail application. Two arbitrary denials of habeas corpus by Erie and Kings County judges. Refusal to file documents in proper form in the 4th Department multiple times, failure by the Kings County Clerk to ~~provide any~~ return my documents so I could file a CPLR 5704 in the Second Department. Since the Appellate Divisions subjected me to practically inexhaustible adverse decisions, I am excused from exhaustion.

Any progress claimed by Respondent is illusiory, although an Order expediting my current two motions for poor person relief in the 2nd Appellant Division (re: Greene Habeas) and 4th Appellate Division (Erie Habeas based on arbitrary denial of bail) will be greatly appreciated. (see exhibit D herein - I still need transcripts)

~~Even if my direct appeal was moving forward, since most appeals are delayed at least three years a more stringent T~~
Even if my direct appeal is moving forward, this Court should ignore comity since most appeals are delayed by at least three years where defendants lose at trial. Also, until this court has the full case file, ~~there~~ it is not ready to declare that my direct appeal is moving forward.

II Relief requested (I will ~~respond~~ reply to Respondent's ~~arguments~~ here)

As is clear that my due process right to a speedy appeal was violated, I am entitled <u>at least</u> to a conditional writ. As explained in the Introduction, since most appeals are oppresively delayed I am entitled ~~without delay to counter~~ an unconditional writ based on the delayed appeal claim alone.
(Simmons)

Immediate release upon ~~depositing~~ posting a $1.00 bail does not "nullify a state court conviction." It still allows the State court to affirm or reverse the conviction. Should the conviction be affirmed, I would simply finish my sentence. Furthermore, this proceeding is unique to the other cases quoted or mentioned because I

already served almost 75% of my sentence and was denied parole and lost good time directly due to the delayed appeal.

For the purpose of this motion, requests 1-5 in the Preliminary Statement herein may be granted forthwith. Request #1 was already granted. Requests #2 and 5 were fully argued by both parties and Requests #3 and 4 will not prejudice the Respondent. The remaining relief requested will prevent additional burdens upon the District Courts, and provide equitable relief, and is not as problematic as releasing "hundreds of prisoners who are properly incarcerated" (In re Habeas Corpus Cases, 216 FRD 52, EDNY, 2003). Penalizing the state that the federal courts will also review state claims and review all claims de novo is a step that would discourage the state from delaying appeals in general, and although the federal courts will have additional claims in the short term, in the long term, it will reduce delayed appeal claims, and if it doesn't the 2nd Circuit in Simmons made clear that unconditional release is always an option. Also, once a delayed appeal is claimed, state judges have an increased interest to reverse convictions based on state claims to avoid financial liability of the state. U.S. v Whitman, 153 F Supp. 3d 658 (SDNY 2015) rejected the "short sentence remaining" arguement because "every prisoner nearing the end of a term could bring a successful bail motion" and quoted other cases in the Southern District. The logic fails on its face because under the AEDPA, petitioners have just one year to file a federal claim and if the states properly prevent delays, such issues of "short sentence remaining" would not apply but for petitioners with short sentences. Courts in the Eastern District be generally held that a short sentence arguement would increase a reason for relief (Harris v Kuhlman, 601 F Supp 987; Wheeler v Kelly 639 F Supp 1374 - rejected only due to the unfairness of petitioners with longer sentences, but still held "the length of the sentence is a factor"). Although the usual disposition is to grant an alternative writ, the facts herein are unusual just from the short sentence alone, and other facts.

### III Bail Relief Under Mapp v Reno (Reply to Respondent 9)

a) The Petition Raised Substantial Claims

A substantial claim is a claim that isn't clearly frivolous. In the habeas context, even claims that alledge constitutional violations fail to state a claim where the petition does not include information regarding exhaustion or possible procedural default. Under this element, there is no requirement to have a likelihood of success. In Morrow v Capra, 2020 WL 3316017, the court there erred in including likelihood of success as part of this element, but correctly ruled that Morrow failed to satisfy this element since Morrow failed to state a valid claim on his petition ("petitioners remaining claims... appear to be unexhausted, procedurally barred, or otherwise meritless")

In Montes v James, 2020 US Dist. LEXIS 47512, the court there correctly included likelihood of success ("he has evidence demonstrating his innocence") in the extraordinary circumstances element and then denied the innocence claim for lack of evidence. Also Washington v Franklin Corr. Facility, 2019 WL 6522003 included likelihood of success in the second element ("Petitioner's present arguments are conclusory and, without providing new facts or reasoning").

Respondent claims that I don't have a substantial claim (page 17 in memo) calling my claims "facially dubious or incredible", but I only need one valid claim on my petition (regardless of likelihood of success) to satisfy this element, and the Respondent does not claim that all my claims are invalid. Furthermore, this Court already acknowledged that I made a substantial claim of the delayed appeal. (Fan v U.S. failed to state a valid claim on its face).

Although claims of failure to exhaust would be included in this element, the Petition included a flow chart showing multiple aggressive attempts to exhaust, and the Petition itself makes the claims that the state is thwarting my efforts to exhaust to excuse exhaustion. (see Petition, page 6, 17).

Therefore, the Petition collectively — regardless of its likelihood of success — has raised multiple substantial claims.

b) extraordinary circumstances

Extraordinary circumstances include "health complications, unusual delay, and the quickly-approaching end to a term of incarceration" (Kiadii v Decker, 423 F Supp. 3d 18, S.D.N.Y. 2018). Extraordinary circumstances need not be unique, for it can also be a widespread unconstitutional practice like a delayed appeal. Another type of extraordinary circumstance is the likelihood of success. This would also fall under the unique circumstances since just 2% of federal habeas corpus are granted. (See U.S. v Mett, 41 F3d 1281, 9th Cir, 1994, separating likelihood of success from extraordinary circumstances and requiring either element to qualify for bail) (also see Iuteri v Nardoza, 662 F2d 159, 2nd Cir, 1981, court opinion indicates that petitioners need either likelihood of success or extraordinary circumstances)

Furthermore, a valid reason for failure to exhaust state claims would also meet the threshold in this element. (see Boyer v City of Orlando, 402 F2d 966, 5th Cir, 1968, where petitioner received a form of habeas relief — bail pending exhaustion — even though he didn't exhaust since a short sentence of 120 days was considered extraordinary). Short sentences are not unique in any way. (also see Montes v James, 2020 U.S. District LEXIS 47512 comparing extraordinary circumstances of

procedural defaults or for failing to exhaust to the second element extraordinary circumstances of Mapp.)

Therefore, there are <u>three</u> types of extraordinary circumstances

    1) Unique (in Mapp, "unusual cases" was an exception separate from extraordinary circumstances)
    2) Unconstitutional
    3) Pragmatic (to make "state remedies truly effective")

A person with health complications would be unique. A delayed appeal would be unconstitutional. A short sentence would be pragmatic. Any other extraordinary circumstances taken from other areas of federal law would fit one of these three types. Likelihood of success would fall under all three types, since it is unique for a habeas corpus to be successful, it is unconstitutional to keep an innocent person in prison (since he has likelihood of success it rebuttals his conviction of guilt), and it's pragmatic not to keep an innocent person in prison.

    <u>The following are my extraordinary circumstances</u> (that this court has evidence)

1) The delayed appeal as already briefed herein

2) The futility of the state courts, arbitrary decisions, misfiling of documents as explained in the Comity factor herein. (see In Roe, 257 F3d 1077, 9th Cir, 2001, an "order 'clearly erroneous as a matter of law' is an exceptional circumstance for a writ of mandamus. see Respondent exhibit T, showing the trial court's misapplication of applying CPL 30:30 exceptions to Constitutional Speedy trial claim).

3) I faced unConstitutional prison conditions violating my ~~right~~ due process right to remain silent pending my direct appeal (see respondent exhibit N, and the Parole decision in there), and was denied ~~parole and~~ the opportunity for a fair parole hearing and I was denied all my good time as a result (also note I get staggered law library access as ~~4) I served almost 75%~~ opposed to <u>limited</u> law library access)

4) I served almost 75% of my sentence (Harris v Champion, 15 F3d 1538, 1546 10th cir, 1994 "a "case may warrant excusing exhaustion after a delay of less than two years as, for example, when the length of the sentence is considered"

5) Likelihood of success.

    The evidence this court has shows likelihood of success for the delayed appeal. This court has evidence that the denial of bail was arbitrary and ~~that~~ upon getting all state habeas filings, this court will also have evidence to excuse

12

exhaustion. Also, I am enclosing selected transcripts to show that there is ~~not~~ an insufficient ~~even~~ evidence that I knew and controlled deleted files. (Exhibit E herein)

Transcript page 154 - Q "Can you explain to us what a file path is?
A "... I guess..."

Detective Santilli himself wasn't 100% sure. I had no clue until I read the 9th circuit case explaining about deleted files.

page 159 - Q "Was there any indication that this would be inaccessible to you?"
A "I don't know that, the answer to that question"

Then ~~as~~ my attorney put in a motion to dismiss.

page 197 - Defense "... the DA has not presented even in the light most favorable to the DA sufficient evidence on each and every element of the crime..."

page 199 - Defense "... is required to show that the defendant, in fact, exercised dominion or control*..."
"when the forensic expert, Detective DiBattista, testified, I don't believe he testified anything about where these images were found on these computers. I know Detective Santilli testified..."
"[Santilli] said they were found in a folder, the user folder. He didn't explain what the user folder was. Sounds like he might not have known what a user folder was..."

page 200 DA "[Santilli] gave us the actual file path and he noted that those are accessible to the user..."

*Contradicts*

he didn't make the report or have personal knowledge → "Detective Santilli referred to a printout from the forensics report"

scientifically false — anything including cache files have filepaths → "...there were file paths associated with all the images. By definition, these are not cache files."

scientifically false also because cache files are not unallocated. → "when there's ~~a~~ cache files, temporary internet files unallocated in a computer where there's no file path..."

page 202 DA "if they were in an unallocated space, we would have to show they knew they were there and then deleted"

"... it's completely inapplicable to the fact of this case because there are filepaths for the video and for the images"

[margin note: scientifically false — even unallocated files have filepaths until they are overwritten.]

In summary, the State did not provide any time stamps for any of the files because there weren't any. These were all deleted images and "permanently deleted" images in unallocated space don't have time stamps — but they do have file paths.

None of these files were found organized, categorized, etc. as is normally found in other, similar cases because they were all in the same section called "unallocated space".

## Summary of extraordinary circumstances

This element a petitioner must provide evidence. This court has evidence of each extraordinary circumstances claimed above. This Court should note the huge difference on the ability for me to write a brief when I have paper as opposed to the previous filings when I wasn't provided sufficient paper. This submission alone is about 20 sheets (estimation because I am not finished yet) and an additional 20 sheets so I can have a copy. I wasn't able to maintain copies of the previous filings. Furthermore, because of the exhaustion requirement and constant state denials, I need additional paper for those cases. I had to ration paper and make claims in conclusory form to save my cases sometimes.

I also have extraordinary circumstances based on other prison conditions. Constant retaliation, blatant violations of the First Amendment (religion) and RLUIPA, due process violations at disciplinary hearings (no assistant for Tier II violations while in keeplock, and an unwritten rule for hearing officers never to believe inmates testimony on record when contradicted by staff), I am often hungry because the kosher menu never has fish or chicken (except cold cuts), commissary doesn't offer kosher meats or poultry and officers are directed to open up food packages which breaks the kosher seal (think similar to medication regulations), the prison often has non-jews (designated as Jews) preparing Passover food, or leading Jewish ritual services such as lighting Sabbath or Menora candles AND central office is deliberately indifferent after being informed by grievances, litigation, and advocacy groups. Should this court not find extraordinary circumstances to grant bail for the five claims above, I am requesting an evidentary hearing on this extraordinary circumstance.

14

Also, based on the excuse from exhaustion, this court will have evidence of the arbitrary denial of bail - due process violation. Under this claim, I obtain a likelihood of success of the due process violation by a showing of palpable merit on any of the claims raised in the bail application. This court will have evidence when the Attorney General submits all the State Habeas Corpus proceedings and its appeals/motions/other related documents.

The cases Respondent cites are either bad law or distinguished from this case. For example: In Montes v James, 2020 U.S. Dist. LEXIS 47512, the petitioner there did not allege unconstitutional prison conditions will prevent him from litigating, but rather ordinary prison conditions will make it more difficult to litigate. (same with Washington v Franklin and U.S. v Callahan).

## IN CONCLUSION - to get bail

My due process right to a speedy appeal was violated. The delay is excessive as a matter of law, the reason is primarily due to court stenographers and court clerk, I did not waive my right and asserted my right at least my filing two federal petitions. The Court has evidence of all this now. Prejudice is presumptive, but this court has evidence of actual prejudice. This case is way above the bare bones due process violated of a neutral reason for a two-year appeal with just a federal filing for assertion.

The delayed appeal alone satisfies both elements of Mapp. I alledged this in the petition and is clearly an extraordinary circumstance to qualify for immediate bail (and on its own has a likelihood of success on the merits).

Once both elements of Mapp are satisfied, the court still must look into the other ordinary factors for bail - like flight risk, and length of sentence. Factors considered in flight risk includes length of sentence, court attendance, and ties in the community. This Court has evidence that I am not a flight risk (@see Respondent Exhibit J)

## EVIDENTARY HEARING REQUESTED

Since there are systematic delays in most defendants having their appeals timely decided, this court should (a search on West Law will show this) this court should order as part of the remedy an investigation as to the reasons for delays in light of the allegation of systemic delay (Harris v Champion, 15 F3d 1538, 1555 10th Cir).

## COUNSEL REQUESTED.

Because I am entitled to appointed counsel on direct appeal, it is appropiate to appoint counsel to represent me in this proceeding. (Harris, 15 F3d at 1557). Furthermore, the prison conditions cause me oppressive delays by preventing me from adequatley representing myself on many occasions (most recently from 9/2/20 - current, as I still didn't have the time to reorganize all my files that officers mixed up on 9/2/20 and again on or around 10/25/20. While in the SHU, officers refused to let me have access to all my active cases.) If you are short on available attorneys, perhaps I could find one willing to work and get paid under the Criminal Justice Act or maybe the state should pay the lawyer.

## REQUEST FOR AN AMENDED COMPLAINT
## AFTER ASSIGNMENT OF COUNSEL OR BAIL

I will be prejudiced due to prison conditions if I am not able to file an ammended complaint. However, since these conditions are still ongoing (at this point, I only need to organize my files, but I could face increased unconstitutional conditions at any time), it would be more effective if this request was granted with bail or with assignment of counsel. Also, because I never had an attorney to fully review all possible claims, I cannot possibly know all my valid claims for this petition.

Respectfully Submitted
Joseph Hayon
12/3/20

I affirm under penalty of perjury that any new facts not mentioned elsewhere (like exhibits or affirmation) is true and only due to the time constraints, I may have missed some facts from my affirmation.

I affirm under penalty of perjury that on 12/3/20 I mailed this document by putting it in an envelope with a properly filled out disbursement form for postage payment and submitting it to the prison staff.

16