# COVER LETTER

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 15 2021 ★

BROOKLYN OFFICE

20-CV-4668 (PKC)

1/20/21

Dear Hon. Chen:              Motion Rule 60(b)

Please note three important facts contained in this motion.

1) Respondent failed to comply with your order to submit the the full "state Court Record" with all collateral proceedings. This is an extraordinary circumstance to allow bail.

2) Enclosed is proof of mailing to NY County court dated 3/26/20 was the CPLR 7001 Petition (state habeas) and the 6/4/20 date, you already received the letter in my bail reply. I don't have a copy of the Petition because at that time, I was in solitary confinement and unable to make a copy for my records (jail refused to provide sufficient paper for a handwritten copy). This excuses exhaustion for all claims unless the state produces Ⓑ the petition.

3) Hon Chun's (trial court) bail decision resulted in a decision that was based on an unreasonable determination of the facts. His 440.10 decision was contrary to clearly established federal law when he applied CPL 30.30 exceptions in reason for delay to the Constitutional Speedy Trial Claim.

I don't have the time to identify which part of this motion is pursuant to Rule 60(b) and which part is argued for the first time. Please excuse the mixing.

①

Also, please see the enclosed memo from the prison that will restrict my access to legal research. So I am requesting that this court or Respondent provide printouts of all cases (even reported cases) quoted in the orders and briefs - specifically the last order and ~~last brief~~ the Respondent's Answer.

I affirm that everything herein is true under penalty of perjury.

1/20/21

P.S. Could this court send me back a copy of this filed document and updated docket ledger?.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH HAYON,
                    Petitioner                    20-cv-4668 (PKC)

            -against-
PATRICK REARDON,                                  Rule 60(b) motion
                    Respondent

Attached is a memorandum of law is support of motion
pursuant to rule 60(b) and adds to new requests.

These documents request:

    1) BAIL PENDING FEDERAL HABEAS CORPUS
    2) COUNSEL FOR THIS PROCEEDING - limited to specific tasks
    3) DECLARATION THAT EXHAUSTION IS EXCUSED
    4) EVIDENTARY HEARING to prove unconstitutional prison conditions,
that significant Jews live in Brooklyn, That the warrant is invalid because
incorrect information was provided, That poor people don't have meaningful access to
courts.
    5) OTHER REQUESTS MADE PURSUANT TO 28 USC 2243
    6) THAT COUNSEL BE GRANTED LEAVE TO FILE AN AMENDED
COMPLAINT. - especially in light of the recent law library restrictions by the prison.
    7) CONTEMPT AGAINST RESPONDENT AND ATTORNEYS
    8) ORAL ARGUMENT because all this writing and
mailing back and forth is causing me to sit in prison longer.
    9) EXTEND THE TIME TO REPLY TO ~~THE~~ ~~ANSW~~
RESPONDENT'S ANSWER until after Respondent files the full state
criminal case - including all pre-trial transcripts and all state
habeas corpus proceedings

                                                      (3)

# BAIL PURSUANT TO MAPP

## ① Appellate-delay claim

I understand that this court's opinion is that even if I had substantial claim with a likelihood of success and that an appellate delay is an extraordinary circumstance, since than the court's opinion is that I would not be entitled to immediate release, the bail would not "make the habeas remedy effective", since I only am eligible for conditional release pursuant to Cody v Henderson, 936 F2d 715, 719.

However, this court - although acknowledges that the delayed appeal is systemic (page 16 court opinion) and that this fact is not in dispute, therefore denying an evidentiary hearing - failed to take notice that Cody the remedy is of conditional release in Cody does not apply when the state delays are systemic, Rather see Simmons v Reynolds on 898 F2d 865 and Brooks v Jones, 875 F2d 30 Would apply in this case at Cody.

Cody, Simmons and Brooks both made clear that should the state courts ignore the problem of appellate delay, "there is nothing to prevent our reconsidering the now-rejected alternative of unconditional release" (Simmons)

SINCE THE STATE APPELLATE DELAYS ARE SYSTEMIC, I AM ENTITLED TO UNCONDITIONAL RELEASE PURSUANT TO CODY, SIMMONS, AND BROOKS, FOR THE APPELLATE-DELAY CLAIM.

Even if the appellate-delay was not systemic, Cody made clear that bail pending state appeal is also an available remedy (Cody, footnote 2) and that is exactly what I am asking for anyways.

Actually or Cody, reiterated Simmons "in Simmons, we reserved the right to reconsider the now-rejected alternative of unconditional release should such use of the conditional writ prove unduly burdensome or ineffective in reducing systemic appellate delay" (Cody)

Brooks made clear that "the district does not always have to "stand aside when the state courts finally stir up counsel and schedule the appeal after the prisoner has filed a habeas petition in federal court"

This Court, noted the denial of parole, and that I can't be denied for constitutionally impermissible reasons, but used the alternative reasons by the parole board to validate the denial of parole. However, if the parole board denied me parole because of disciplinary and because I am Jewish, this court's opinion seems to suggest that because a valid reason was used to deny parole, then it is a harmless error that the parole board also used an constitutionally impermissible reason.

It is sound reasoning that once an constitutionally impermissible reason is used by the parole board, the entire opinion violates due process.

5

Since the parole board used an unconstitutional reason to deny me parole — that I refused to admit to a crime pending my direct appeal (which I still has strong due process rights that I still have a right to counsel), therefore I am spending more time in jail due to the delayed appeal.

Unlike in Cody where "The affirmance [of appeal] establishes that if the delay had not occurred and petitioner's due process right to a timely appeal had been fully satisfied, he would have been subject to exactly the same term of confinement", I would have spent less time in confinement and more time on parole, at the very least, I would have made my conditional release date even if I had thousands of Tier II The tickets and was convicted of millions of images.

Since I have a likelihood of success on the appellate-delay claim and it's an extraordinary circumstance that entitles me to bail pending state appeal, bail pending this Petition should be granted.

Alternatively, to issue a certificate of appealability on the following

1) Does the district court have authority to grant bail pending state appeal as an alternative writ to the conditional release?

2) Is it proper for this court to grant bail pending state appeal as a final disposition for the appellate-delay claim

⑥

under the facts of this case (short sentence, parole denial, loss of good time)

3) Am I entitled to an unconditional writ since the state delays are systemic ☒ pursuant to Cody, Simmons and Brooks?

4) Is denial of parole based on removal from program for excersising a due process right to remain silent pending direct appeal a constitionally impermissible reason to deny parole?

5) If a constitutionally impermissible reason is used by parole, but other valid reasons are also used, does oo are the reasons severable by reason of harmless error?

state.

## Bail Pending Appeal Claim

Likelihood of success on this claim is solid.

Hon. Chun missed ~~took~~ at least three key factors.

1) My confession was supressed due to a Constitutional violation that I asked for an attorney. The denial of bail decision stated due to CPL 710.30 (in an apparent confusion with a different date)

2) The people's statement of readiness as to the additional 30 counts was not made until about April 2016. The denial of bail ignores this fact. (see People v Papa, 96 AD2d 601, 2nd Dept, 1983)

3) There are a lot of Jews in Brooklyn. This is public knowledge. They live in Boro-Park, Williamsburg, Crown Heights, Midwood, etc.

Furthermore, since the state blocked my access to the ability to exhaust this claim, exhaustion is excused and when exhaustion is excused, the federal courts review the claims de novo since the claim was not adjudicated on the merits by the state's highest court. (see attached exhibit # showing proof of mailing, but NY County never filed petition).

Supreme Court desicions made clear that the due process right to bail pending appeal (if the state created such a right) extends until the first direct appeal (see Ross v Moffitt, Pennsylvania v Finley, ~~that~~ Douglas v California that due process even

⑧

mandates an attorney before the first appeal is decided.

There is a motion for poor person relief in the 4th Dept, but this court should also consider that the 4th Dept improperly rejected my appeal pursuant to CPLR 5704 and CPLR 7011 before the 4th Dept. finally docketed my appeal. Therefore comity should be excused and this court should has authority to decide on the full merits.

CPL 460.50 was intended in part to create procedures and orderly proceedings to avoid the necessity of the state habeas corpus (see CPLR 7010 and NY Const. Art 1 §4 and note that bail is Art 1 §5, This shows a NY Constitutional right to bail post-conviction bail where there is a deprivation of "substantial constitutional right" (People ex rel Keitt v McMann, 18 NY2d 257 (1966). Therefore, 460.50 is not just a procedural right (eg. Mitchell v Ward, 409 F Supp 3d 117, 121) but it is a NY Constitutional right AND this point was fully argued in my NY County Court Petition. Petitioners in Mitchell and other cases quoted by Respondent never raised this point of law.

State Courts have a duty to appoint counsel in all proceedings before the direct appeal is decided pursuant to Douglas, Ross and Finley.

Also Since I have a likelihood of be granted bail of $1.

Success, and I

Alternatively, this court should issue a Certificate of appealability on the following questions

1) Is likelihood of success considered an extraordinary Circumstance?

# BAIL
# EXTRAORDINARY CIRCUMSTANCE

The fact that the Respondent is in contempt for failing to file the full state record makes a mockery of this court, as explained in the contempt section of this multiple branch motion.

I saw a case, Kalu v NY, 2009 WL 2063100, where the court allowed four months (after including all extentions) and so I pre-emptively filed the Motion to issue Writ Forthwith — to give notice to the Court that I oppose any extentions requested that the state may make. The state has been using dilatory tactics to delay all my state collateral proceedings — without exception. Even now the state failed to comply with this courts order

Respondent also violated Rule 5 (c) by not indicating what transcripts are available and violated rule 5 (d) by not providing a copy of the documents I filed in "post-conviction" proceedings — which includes the state habeas corpus

Therefore, I wish to move the Motion to issue Writ forthwith into the exceptional circumstance for bail pursuant to Mapp.

The justification to consider this an extraordinary circumstance is found in Cody. "The ground for release ... [is] that the state ... has purposefully allowed the continuation of a due process violation after the district court gave it notice"

11

"Such deliberate neglect of a petitioner's due process rights in the face of the district court's clear warning that further delay would not be tolerated is sufficiently egregious to suggest an impairment" of this proceeding.

I can infer that this court had off-record discussions with the Respondent through his attorney — not only in this proceeding, but in the first proceeding as well. Such inference may be made that I noticed that transcripts were suddenly produced right after I filed this proceeding. (causal connection). I am sure that such off-record discussions were made with integrity and in my interest.

I ask that this court consider this contempt by respondent as a special or extraordinary circumstance and grant bail.

In the alternative, to issue a certificate of appealability if

1) Contempt of court considered an extraordinary circumstance where such contempt is willful and used as a dilatory tactic by the State?

## EQUAL PROTECTION
## DUE PROCESS
## CONSTITUTIONAL RIGHT TO COUNSEL
### FOR THIS FEDERAL HABEAS CORPUS

Douglas v California, 372 US 353 (1963) established that an indigent criminal defendant has a right to appointed counsel in his first appeal as of right.

Ross v Moffitt, 417 US 600, 1974, declined to extend that right to counsel past the firs appeal as of right explaining that after the first appeal, the defendant would "have, at the very least, a transcript... a brief... and in many cases, an opinion by the [~~appellat~~ state appellate courts] disposing of his case"

Pennsylvania v Finley, 481 US 551 (1987) again reiterated that the right to "counsel extends to first appeal as of right" and "Indigent prisoner had no due process right to appointed counsel in post conviction proceeding after exhaustion of appellate process" nor an equal protection right since "prisoner's access to trial record and appellate briefs and opinions provided sufficient tools for meaningful access to courts"

This Court cited Green v Abrams, 984 F2d 41, 47 (2nd Cir, 1993), but ~~Abrams~~ Green and the case Green cites are distinguished because in those cases, the Petitioners exhausted their appellate process. In this case, since I did not yet exhaust my first appeal as of right, the state must pay for ~~my~~ an appointed attorney for this proceeding pursuant to Ross and Pennsylvania

(13)

Furthermore, in light of Respondent's failure to comply with this Court's 10/19/20 order - Amended on 11/11/20 to "file the state Court record" and "briefs relating... in connection with proceedings involving any other direct or collateral challenge to Petitioners conviction" by 1/15/21, this court should appoint, a — at at the very least, an attorney who will act as my mouthpiece and provide paralegal assistance, such as that I am unable to do, such as calling the D.A. or A.G. when they fail to comply with this court's order. As will be noted in the motion for contempt, the Respondent failed to provide the full pretrial transcripts, the P.S.I, the grand jury transcripts, the evidence provided to the judge who issued the warrants, the evidence exhibits pre-trial and Huntley hearing exhibits (the contraband could still be sent to this court legally), etc.

Even according to Hodge, 802 F2d 58, I am entitled to an attorney because I lost my first federal habeas corpus only because I misread the law. I also don't have the ability to write a proper petition. Even if I was able, the prison conditions in the past mixed up all my legal work and I still did not reorganize all my cases. (including state habeas corpuses). The very fact I lost bail proves that I did not know how to prove likelihood of success on my best state bail claim — even if I do so now, it still causes delays.

I take note that this court believes that appointment

(14)

of counsel will only cause more delays, so I ask
that such counsel be limited to

1) Writing an Amended Complaint for me
2) Acting as an assistant to contact this court or
the Respondent on my behalf. (like obtaining state records and submitting them to this court)
3) Investigate unconstitutional prison conditions to
prove extraordinary circumstances
4) To advise me on procedural issues

Alternatively, to issue a certificate of appealability on
the following Constitutional question: (or similar)

① Does a defendant have a Constitutional right to
counsel in a 28 USC 2254 proceeding
before exhaustion of appellate process where exhaustion
of state appellate process is excused?

② If defendant has such a right, who should pay for
the attorney, the State or Federal government?

③ How does a poor person prove he cannot litigate? If he
successfully litigates to obtain an attorney, it is used against him
that he doesn't need an attorney. If he is not successfull, then
he obviously can't litigate for himself — yet he his denied
appointment of counsel pursuant to Hodge.

Also seen new prison conditions block sufficient access to legal research. (attached)

⑮

# EXCUSE EXHAUSTION

For purposes of bail, I request this court to decide the likelihood of success. If exhaustion is excused for all claims, then 28 USC 2254(d) would not apply, since ~~no state court adjudicated~~ the state's highest court didn't adjudicate on the merits.

None of my claims were exhausted on the merits. The only claim fully exhausted was dismissed not denied ~~by the~~ or affirmed by the Court of Appeals of NY is the Constitutional Speedy Trial claim. Under NY law I had a right to appeal on issues of law my 440.10 motion and I was denied that right. (Such right is CPL but also created in the ~~court~~ NY constitution (Art. 1 §4 habeas corpus in combo with Art 6 §3-4)

I also filed a ~~p~~ state habeas corpus in New York County and it was lost. I don't have a copy. I am providing evidence that I mailed the petition. It is a disbursement form by the prison addressed to Hon. Barbara Jaffe signed by two prison staff. I mailed a follow up letter (already submitted to this court) on 6/4/20. It has just one signature of prison staff because the mail was free.

Article 70 of the CPLR allows for defendants to apply for bail (CPLR 7010) ~~is~~ even after the defendant filed for bail pursuant to CPL 460.50 when there are fundamental constitutional and statutory questions (@Keitt v McMann, 18 NY2d 257)

# EVIDENTIARY HEARING

I also requested an evidentiary hearing to prove unconstitutional prison conditions. (Page 14 - Memorandum of Law Reply) While this court summarily decided that unconstitutional prison conditions is *not* an extraordinary circumstance, not one case quoted by the court's opinion (Page 11-12) discusses unconstitutional prison conditions, but rather ordinary prison conditions.

Furthermore, those cases themselves imply that prison conditions be may be an extraordinary circumstance. (see eg. US v Callahan, 2019 WL 3457987 " is *normally* not considered an extraordinary circumstance" Montes v James, 2020 WL 1302307 " in *general*".

I also need an evidentiary hearing to prove that poor people are singled out by the state systemicly (page 17 of court order) of meaningful access to the appellate system. When the state provides all all the state habeas corpus, this court will have enough evidence to require an evidentiary hearing.

Also, an evidentiary hearing regarding the jury wheel and warrant - both issues raised in the bail claim.

# OTHER REQUESTS PURSUANT TO 28 USC 2243

"The federal court possesses power to grant any form of relief necessary to satisfy the requirement of justice" Levy v Dillon, 415 F2d 1263 (10th Cir, 1969)

The Second Circuit came up with alternative forms of relief aside from conditional or unconditional writs. See Stubbs v Leonardo, 973 F2d 167, (2nd Circuit, 1992) to allow a new appeal with pro se brief, Jenkins v Coombe, 821 F2d 158 new appeal ordered. Also see Cody suggesting release on bail pending state appeal as a possible remedy to delayed appeals.

Therefore, this court has the broad authority to make any order of relief to satisfy the requirement of justice.

This would include an order of parole, order competent attorneys, order proper compensation so that poor people can have attorneys without the risk of conflict of interest, or any form of relief that would reduce my delays.

Alternatively, to issue a certificate of appealability if

1) This court has the power to grant these forms of relief to reduce systemic delays of NY's appellate system?

⑱

# LEAVE TO FILE AMENDED COMPLAINT.
### (that counsel should draft for me).

I am requesting that the assigned counsel draft an amended complaint on my behalf. My documents are mixed up, my legal research missing in part, some court documents are missing due to Doccs refusal to properly train their staff. Their staff conducts property searches and in four occasions my legal work was mixed up in violation of Directive 4910. The state is in contempt of this court's order to provide full "State Court Record" and any "Collateral Challenge" (dated 10/19/20).

Furthermore, I never had an attorney to review the state record and therefore I am prejudiced in that I still don't know all possible claims available to me. For example, I just noticed after I filed this petition that the state's evidence is insufficient. I provided proof to this court, but this court ignored the evidence because I didn't raise it in the petition.

~~Related~~ Also, now the prison only provides one hour of research access every two days due to COVID-19. This significantly prevents me from representing myself properly.

# CONTEMPT AGAINST RESPONDENT AND ATTORNEYS.

On 10/19/20, this court ordered that Respondent produce the full state record and any collateral proceedings. (by 1/15/21 as amended)

The Attorney General has most of the state habeas corpus documents and (The NY County is missing and the AG never got a copy) and knowingly refuses to comply with this courts order.

The Kings County District Attorney has the grand jury transcripts, trial and hearing exhibits, the documents that were used as evidence to obtain a warrants (affidavits and exhibits) pre-trial transcripts, etc. and knowingly refuses to comply with this courts order.

On 11/9/20, I filed a motion to issue writ of habeas corpus forthwith. Although the motion focused on the courts responsibility, the Respondent received notice that any delays to comply with the courts order would not go unnoticed.

Respondents are making a mockery of this court by claiming in their answer that the KCDA doesn't have access to state habeas corpus claims — especially in light of the fact that I already called them out in the Reply dated 12/3/20 (page 7 of memorandum of law)

This court should issue a conditional writ that bail of $1 will be granted unless the full state court record is submitted within

and with two weeks.

# EXTEND THE TIME TO REPLY
Since I cannot prove anything without some evidence, I can't reply until Respondent complies with this courts order

# ORAL ARGUEMENT REQUESTED

Please expidite this motion and schedule oral argument via phone or video conference. There may be arguments in here that I can better explain orally.

I never had oral arguments in state or federal courts and this deprived me of any opportunity to better explain or point or go to direct the judges attention to any point of law. Also if I hear the judges point of law, I may better understand it.

# AFFIRMATION

I, Joseph Hayan, affirm the following facts under penalty of perjury.

1) Unless disputed herein, I accept the facts provided in this courts order dated 1/4/21 (Pages 1-8)

2) The requests for trial exhibits were not completely fulfilled by November 7, 2019. Exhibits 4, 5, and 6 contain child pornography. Exhibits 3 and 8 were not sent to my lawyer. Also, the forensic report mentioned at trial (Page 157 of trial transcript, ~~the the December the covered~~ page numbering begins December 4, 2017 and continues on Dec 7, 2017) was not sent to my lawyer.

3) My records show that Appellate Advocates didn't receive the trial transcripts until July 2019.

4) My supplemental affidavit was improperly rejected by the clerk, because I was represented by counsel. Only a judge may reject my supplemental affidavit.

5) Appellate Advocates cannot begin perfecting my appeal until April or May 2021 due to their caseload.

6) I was also denied conditional release because I didn't complete the program. No other reason is mentioned in

22

their denial.

7) I also filed multiple motions for my PSI and these motions were never filed by the Kings County Court.

8) The prison sent two requests for my PSI and I never heard back.

9) The CPL 460.50 and CPL 440.10 motions were originally misfiled. These motions had to be refiled in person by my friends (Gary Donoyan and/or Abraham Tischler).

10) Hon Chun's denial of CPL 460.50 missed important facts. First, that my confession was supressed due to any the state's violation of my constitutional right to an attorney. (See Nov 8, 2017 transcript). He also ignored that the People were not ready for trial pursuant to CPL 30.30 as to the additional 30 counts (How can they be ready if it's not on the indictment?)

11) Hon Chun's denial of CPL 440.10 was resulted in a decision that was contrary to ... clearly established Federal law when he applied CPL 30.30 exceptions to the Constitutional Speedy Trial claim. When holding "balancing all of the factors" This balance included an improper application of the delay factor. I also requested an evidentory hearing in the 440.10 motion.

12) I did <u>not</u> apply for leave to appeal to the Court of Appeals. I filed a Notice of Appeal (as of right) pursuant to CPL 450.70(2) The Court of Appeals did dismissed the appeal (not denied) (People v Hayon, 35 NY3d 1006, 2020). I then filed an Article 78 against the chief judge of the Court of Appeals for denying me an absolute statutory right to appeal.

13) One state habeas corpus was not denied because the New York County clerk failed to file my petition. (see proof of service attached.

14) Requests for bail was made in all state habeas corpus proceedings.

15) Due to prison conditions, I don't have a duplicate copy of the My County habeas petition. At that time, I was in the SHU and staff in Gowanda refused to sell or provide me with sufficient paper.

16) The only reason why my first federal habeas appeal was dismissed is because I misapplied the law when I can appeal. (similar to Glinka v Maytag Corp, 90 F3d 72 (1996) "subsequent rule 60(b) motion doesn't extend time to appeal).

17) In my reply (Dh 13, 14), I also requested an evidentiary hearing to prove that my prison conditions are unconstitutional.

I affirm that everything herein is true under penalty of perjury

JM L

(24)



**NEW YORK STATE** | Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

TO: All Staff

FROM: Russell Kellar, A/Superintendent

SUBJECT: COVID-19 Minimizing the Risk

DATE: January 20, 2021

In an effort to help reduce the spread of COVID-19 at the facility, the following modifications are to be put into effect immediately:

- **All Staff:** Reduce porters, clerks, and workers to one per module. If more than one is required, they need to be from the same housing unit. Track and rotate inmates for fair and equitable work-load distribution.
- **Gym:** will require one inmate in the equipment room and one for cleaning.
- **Yard:** will require one inmate for handing out equipment and one for snow removal if necessary.
- **BGM:** workers will be called out by unit when possible. Only call the number needed for the job. Have inmates report to the location where work is needed. Send back when service is no longer needed. They are not to congregate in BGM.
- **Maintenance:** Unless housed together, only one maintenance worker per module. Inmates may be called to meet the employee on the walkway if needed but should not go on a unit unless they house there. Unit porters can be used to assist if necessary.
- **Law Library:** One inmate clerk per module. Inmates will be schedule by call-out. Inmates will be allotted one hour per call-out, every other day. Law library Officer will determine if inmate requires additional time, and only allow if all guidelines are followed.
- **Meals:** Inmates are to be called by unit. As one unit nears completion in the serving line, the next should be on their way. Skip one entire row of tables between units. Entire unit must be done before the next unit may start leaving. Inmates requiring medication will receive a feed-up tray in the infirmary. Barring medical concerns, they may bring their feed up back to their unit.
- **Packages:** Inmates are to be called by unit. Inmates using a bin to move their package will be required to disinfect the bin after use. Inmates are not to congregate outside.
- **Recreation:** Runs will be hourly by unit on a daily basis. Each unit will be offered gym one day and yard the next day. A schedule will be delivered to the units. Mess hall workers who are scheduled to work may be slotted into an unused opening per direction of the Watch Commander.
- **Organizational handouts:** Will be called to the hand-out site by unit.
- **Barbershop:** is closed until further notice.
- **Horticulture:** may call one inmate per module to assist with caring for plants.
- **Housing Unit:** Officers will hold Program Committee inmates until called by school officer.

Staff should continue to utilize the 'point to point' system of movement when necessary.

By implementing these procedures, we will reduce the intermixing of inmates at the facility and hopefully the spread of COVID-19.

Questions should be directed to your immediate supervisor.



Mailroom

RCVD INMATE ACCOUNTS
MAR 27 2020 AM 9:43

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

**DISBURSEMENT OR REFUND REQUEST**

SHU-B28

CELL LOCATION

NAME Joseph Hayon     DATE 3/26/20 20

CODE TYPE 7 3 0

INMATE NUMBER 1 8 R 0 3 7 5

"SHORT NAME" J H A Y

FIRST INITIAL
FIRST 3 OF LAST NAME

CHECK/ORDER NUMBER

RIGHT ADJUSTED WITH LEADING ZEROS

COMMISSARY PRODUCT GROUP

AMOUNT $ 2.80

SENT TO CODE (SEE TABLE B-6)

ITEM DESCRIPTION legal postage

SENT TO OR PURCHASE FROM

LAST NAME Jaffe     FIRST NAME Betun - NY County Supreme Court     MI     SUFF

ADDRESS 60 Centre St     APT. NO. Room 114

CITY New York     STATE NY     ZIP CODE 10007

I HEREBY ACKNOWLEDGE EXPENDITURE OF THE AMOUNT TO BE DEDUCTED FROM MY INMATE ACCOUNT.

APPROVED _____ (SOURCE AREA)     DATE 3/26/20

APPROVED S. Kotarski (BUSINESS OFFICE)     DATE 3/27/2020     _____ (INMATE SIGNATURE) J H

FORM 2706 (7/11)     Original - Business Office     Yellow - Approving Office     Pink - Inmate     OA 3-17-20

---

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

**DISBURSEMENT OR REFUND REQUEST**

W2-02

CELL LOCATION

NAME Joseph Hayon     DATE 6/4/20 20

CODE TYPE

INMATE NUMBER 1 8 R 0 3 7 5

"SHORT NAME" S H A Y

FIRST INITIAL
FIRST 3 OF LAST NAME

CHECK/ORDER NUMBER

RIGHT ADJUSTED WITH LEADING ZEROS

COMMISSARY PRODUCT GROUP

AMOUNT $

SENT TO CODE (SEE TABLE B-6)

ITEM DESCRIPTION legal postage

SENT TO OR PURCHASE FROM

LAST NAME Werner,     FIRST NAME John F. Chief Clerk, Supreme Court     MI     SUFF

ADDRESS 60 Centre St     APT. NO. New York County

CITY New York     STATE NY     ZIP CODE 10007

I HEREBY ACKNOWLEDGE EXPENDITURE OF THE AMOUNT TO BE DEDUCTED FROM MY INMATE ACCOUNT.

APPROVED _____ (SOURCE AREA)     DATE 6/4/20

APPROVED _____ (BUSINESS OFFICE)     DATE     _____ (INMATE SIGNATURE) J H

FORM 2706 (7/11)     Original - Business Office     Yellow - Approving Office     Pink - Inmate     (26)

Printed on Recycled Paper

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM

NAME: _Joseph Hayes_

DIN: _18R0375_

CAPE VINCENT CORRECTIONAL FACILITY
ROUTE 12E, P.O. BOX 739
CAPE VINCENT, N.Y. 13618

NAME: _Joseph (Solar)_

DIN: _18R0325_

c/o Hon Pamela Chen, Room N631
U.S. District Court
Eastern District of NY.
225 Cadman Plaza East
Brooklyn, NY 11201

U S M S

LEGAL MAIL

NEOPOST
01/21/2021
US POSTAGE $001.60⁰
ZIP 13618
041M11283101

Cape Vincent
Correctional Facility