UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOSEPH HAYON,

                          Petitioner,                             **MEMORANDUM & ORDER**

          - against -                                       20-CV-4668 (PKC)

PATRICK REARDON,

                          Respondent.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

       Petitioner Joseph Hayon, proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Memorandum and Order dated January 4, 2021, the Court denied Petitioner's motion for a preliminary injunction, which was effectively a motion for bail pending the determination of his habeas petition. *Hayon v. Reardon*, No. 20-CV-4668 (PKC), 2021 WL 25365, at *9 (E.D.N.Y. Jan. 4, 2021) ("January 4 Order"). The Court also denied Petitioner's motion for issuance of the writ forthwith, motion for appointment of counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, and several other requests, including a request for an evidentiary hearing. *Id.* On February 18, 2021, Petitioner filed a motion for reconsideration of the January 4 Order, along with "new requests." (*See* Motion for Reconsideration ("Recon. Mot."), Dkt. 21, at ECF[1] 3.) On May 25, 2021, Petitioner filed an "Emergency Motion for Bond/Bail," reiterating arguments raised in his motion for reconsideration and requesting oral argument. (*See* Emergency Motion for Bond/Bail ("Emerg. Bail Mot."), Dkt. 28, at ECF 2.) The Court finds it

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

appropriate to resolve these motions without oral argument (*see* Local Civ. R. 6.1(c), 6.3; Individual Practices and Rules, Rule 3E) and, for the reasons below, denies both motions.

## DISCUSSION

The Court assumes the parties' familiarity with the relevant facts and circumstances of this case, which are set forth in the January 4 Order. *See* 2021 WL 25365, at *1–4.

A party seeking reconsideration of an order or judgment must clear a high bar, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Toth ex rel. Toth v. Bd. of Educ., Queens Dist. 25*, No. 07-CV-3239 (SLT) (JO), 2007 WL 3034078, at *1 (E.D.N.Y. Oct. 15, 2007) (internal quotation marks omitted) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

As explained in the January 4 Order, "[t]he standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Hayon*, 2021 WL 25365, at *4 (internal quotation marks omitted) (quoting *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990)); *see also Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2003) (emphasizing that the power to grant bail to habeas petitioners "is a limited one, to be exercised in special cases only"). As the Court determined and explained in the January 4 Order, this is not the exceptional case where immediate release on bail is warranted, particularly since immediate release is not necessary to make the habeas remedy effective with regard to Petitioner's claim of excessive delay in his state-court direct appeal, which appears to be his

strongest claim. *See Hayon*, 2021 WL 25365, at *5–6; *see also Mapp*, 241 F.3d at 230–32 (vacating the district court's grant of bail because the district court "neglected to articulate why its grant of bail was necessary to make the habeas remedy effective," even given a substantial claim for relief and the existence of extraordinary circumstances (internal quotation marks and citation omitted)). With respect to Petitioner's claim of appellate delay, he "has provided no indication that the delay in his state court appeal is likely to prejudice its outcome," *Hayon*, 2021 WL 25365, at *5, and therefore, as the Second Circuit has made clear, Petitioner would at most (assuming his appellate-delay claim is meritorious) be entitled to a conditional writ, which is "an alternative writ that orders the state either to prosecute the appeal within a specified reasonable period of time, or to release the petitioner," *id.* (quoting *Simmons v. Reynolds*, 898 F.2d 865, 869 (2d Cir. 1990)); *see also Cody v. Henderson*, 936 F.2d 715, 719–23 (2d Cir. 1991) (explaining that "the remedy of unconditional release is not available unless the appeal has been tainted," and vacating the district court's erroneous grant of unconditional release to a habeas petitioner).

In his motion for reconsideration, and again in his emergency motion for bail, Petitioner argues that a footnote in the Second Circuit's opinion in *Cody v. Henderson* dictates that releasing Petitioner on bail pending the determination of his habeas petition is appropriate. (Recon. Mot., Dkt. 21, at ECF 5; Emerg. Bail Mot., Dkt. 28, at ECF 2.) But that footnote in *Cody*—which immediately follows the Second Circuit's observation that it has "reserved the right to reconsider 'the now-rejected alternative of unconditional release' should [the] use of the conditional writ prove 'unduly burdensome,' or ineffective in reducing systemic appellate delay," *Cody*, 936 F.2d at 721 (quoting *Simmons*, 898 F.2d at 870)—simply notes that "lesser remedies may be available such as 'release on bail pending appeal or sentence reduction by a factor proportioned to the delay suffered by the defendant,'" *id.* at 721 n.2 (quoting Arkin, *Speedy Criminal Appeal: A Right*

3

*Without A Remedy*, 74 Minn. L. Rev. 437, 443 (1990)). In other words, the footnote that Petitioner points to in *Cody* merely notes that "release on bail pending appeal" is a "lesser remedy" than unconditional release; it does not expand this Court's limited authority to grant a petitioner bail pending the determination of a habeas petition. *Cf. Mapp*, 241 F.3d at 226 ("[A] habeas petitioner should be granted bail only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." (quoting *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978))). As the Court decided in the January 4 Order, and has reiterated above, this case is not sufficiently unusual or extraordinary such that the grant of bail is necessary to make the habeas remedy, a conditional writ, effective. *See supra*; *Hayon*, 2021 WL 25365, at *5–6. Moreover, in the three decades since the *Cody* decision, during which Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") severely limiting the authority of federal courts to grant habeas relief to state prisoners, the Second Circuit has found no occasion "to reconsider 'the now-rejected alternative of unconditional release,'" *see Cody*, 936 F.2d at 721 (quoting *Simmons*, 898 F.2d at 870), and—as far as the Court can tell—the Circuit has only once, in a non-precedential decision, granted a conditional writ to a habeas petitioner on the basis of state appellate delay, *see Roberites v. Colly*, 546 F. App'x 17, 20–21 (2d Cir. 2013) (summary order); *cf. Tripathy v. Schneider*, 473 F. Supp. 3d 220, 232–33 (W.D.N.Y. 2020) (noting that "it appears to be an unsettled question in this Circuit whether a due process claim based on the denial of the right to a speedy appeal is cognizable in a federal habeas proceeding following the enactment of the [AEDPA]," but stating that the Second Circuit's decision in *Roberites* "suggests that it might be").

Petitioner also argues that he is entitled to bail because appellate delays in the state court are "systemic." (Recon. Mot., Dkt. 21, at ECF 4.) He contends that the January 4 Order

4

"acknowledges" that state-court appellate delays are systemic. (*Id.*) To start, the January 4 Order does not make any such acknowledgement; rather, after reciting Petitioner's argument that he should be given an evidentiary hearing to investigate his claim of appellate delay because, in his words, such delays are "systemic," the January 4 Order concludes that an evidentiary hearing is unwarranted because the Court found no relevant disputed facts that would require a hearing and Petitioner provided "no basis to find that a hearing is needed." *See Hayon*, 2021 WL 25365, at *8. Even if appellate delays in the state courts are systemic (and the Court makes no acknowledgement or finding one way or the other), the Second Circuit has made clear that the only available habeas remedy for a meritorious claim of appellate delay, absent prejudice that Petitioner has not shown, is a conditional writ that directs the state court to decide Petitioner's appeal by a certain date or release him. *See Roberites*, 546 F. App'x at 20–21; *Cody*, 936 F.2d at 719–23; *Simmons*, 898 F.2d at 869–70. "Petitioner's immediate release on bail is not necessary to make that habeas remedy effective." *Hayon*, 2021 WL 25365, at *5. Therefore, reconsideration of the denial of bail is denied.

Reconsideration is also denied with respect to the other aspects of the January 4 Order, including the denial of appointment of counsel under the CJA and the denial of an evidentiary hearing, because Petitioner provides no controlling decision or data that changes the Court's conclusions. *See Shrader*, 70 F.3d at 257. In particular, Petitioner provides nothing that convinces the Court that exercising its discretion to appoint counsel, even in a discrete and limited capacity (*see* Recon. Mot., Dkt. 21, at ECF 13–15), "in this case, and at this point, will lead to a more just result," *Hayon*, 2021 WL 25365, at *8. Petitioner argues that he should be appointed counsel here because of the delay in his appeal as of right in the state court. (*See* Recon. Mot., Dkt. 21, at ECF 13.) But Petitioner points to no controlling authority dictating that a habeas petitioner with a claim

5

of appellate delay is entitled to counsel, and as the Court previously found, and continues to find, "Petitioner has so far demonstrated an ability to present the issues competently." *Hayon*, 2021 WL 25365, at *8; *cf. Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today." (internal citation omitted)); *Ross v. Moffitt*, 417 U.S. 600, 610 (concluding that the Due Process Clause does not require a state to provide a criminal defendant with counsel on a discretionary appeal, given that "there are significant differences between the trial and appellate stages of a criminal proceeding").[2] Additionally, Petitioner provides no reason for the Court to reconsider the denial of an evidentiary hearing. Again, the Court has not found that there are factual issues relevant to deciding the claims in Petitioner's habeas petition, particularly his appellate-delay claim, that require a hearing. *See supra*; *Hayon*, 2021 WL 25365, at *8.

Finally, in both his reconsideration motion and emergency bail motion, Petitioner argues that Respondent should be held in contempt for failing to comply with the Court's orders. (*See* Recon. Mot., Dkt. 21, at ECF 1, 3, 20–21; Emerg. Bail Mot., Dkt. 28, at ECF 2.) On October 19, 2020, the Court ordered Respondent to show cause within 60 days why a writ of habeas corpus should not be issued by filing a return along with "the State Court Record" and, *if available*, "briefs relating to any appeal or in connection with proceedings involving any other direct or collateral challenge to Petitioner's conviction." (Order to Show Cause, Dkt. 4, at 1.) The Court extended Respondent's deadline to January 15, 2021, in light of Petitioner's various motions and requests,

---

[2] The Court notes that Petitioner has been appointed counsel in his state-court direct appeal, whom he has described as "[g]reat" and "[w]onderful." (*See, e.g.*, Dkt. 14, at ECF 6–7.) Additionally, Petitioner states in his recently filed Emergency Bail Motion that his "direct appeal lawyer didn't start perfecting my appeal yet." (Emerg. Bail Mot., Dkt. 28, at ECF 6.)

6

which were addressed in the January 4 Order. (11/11/2020 Docket Order); *see also Hayon*, 2021 WL 25365, at *4, *9. On January 14, 2021, Respondent filed a return and supplied to the Court "the state-court record documents available to the KCDA [Kings County District Attorney's Office][.]" (Affirmation Opposing Defendant's Petition for a Writ of Habeas Corpus, Dkt. 17, ¶ 82.) Respondent also noted, in the context of exhaustion, that Petitioner had filed several "state-court habeas petitions of which the KDCA [*sic*] has no record," and that even though "[s]everal of these state-court petitions are substantiated by New York's eCourts system, . . . [c]opies of necessary filings in those cases are not available through the eCourts system." (Respondent's Memorandum of Law, Dkt. 17-1, at 4 n.8.) Respondent served Petitioner with a copy of all materials submitted to the Court in opposition to Petitioner's habeas petition. (*See* Affirmation of Service by Mail, Dkt. 18.) Petitioner nevertheless argues that Respondent should be held in contempt for not providing the "full" state-court record, including "grand jury transcripts, trial and hearing exhibits, [and] the documents that were used as evidence to obtain a warrant." (Recon. Mot., Dkt. 21, at ECF 20.) Yet, there is no indication that such materials are necessary, or even relevant, to the evaluation of his habeas petition. *Cf. Stone v. Powell*, 428 U.S. 465, 481–82 (1976) ("We hold . . . that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *Nelson v. New York*, No. 10-CV-9021 (LTS) (HBP), 2013 WL 796276, at *2 (S.D.N.Y. Mar. 5, 2013) ("[A]ny claimed irregularity in state grand jury proceedings is necessarily a state law claim and cannot be a basis for [federal] habeas corpus relief."). In any

event, the Court finds no basis to conclude that Respondent has willfully flouted the Court's orders to warrant sanctions, and therefore, Petitioner's request to hold Respondent in contempt is denied.[3]

## CONCLUSION

Petitioner's motion for reconsideration (Dkt. 21) and emergency motion for bail (Dkt. 28) are denied. No certificate of appealability shall issue because the Court does not find that reasonable jurists could debate that the motions "should have been resolved in a different manner" or that they present issues "adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also* 28 U.S.C. § 2253(c). A decision on Petitioner's habeas petition is forthcoming.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 1, 2021
      Brooklyn, New York

---

[3] Petitioner's related request for an extension of time to reply once Respondent files the "full" state-court record is also denied. (*See* Recon. Mot., Dkt. 21, at ECF 3.) As just discussed, the Court does not find additional submission of materials by Respondent at this time to be necessary or appropriate, and Petitioner filed a reply to Respondent's return prior to his motion for reconsideration. (*See* Reply to Answer Affidavit, Dkt. 19.) As for the "new" or other requests that Petitioner makes in his reconsideration motion—including a request for a declaration that exhaustion is excused, leave to have counsel file an amended petition, oral argument, and "other requests made pursuant to 28 U.S.C. § 2243" (Recon. Mot., Dkt. 21, at ECF 3)—the Court denies those requests because the Court does not find that they are appropriate or warranted at this time. *Cf. Toth*, 2007 WL 3034078, at *1 ("[A motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (internal quotation marks omitted) (quoting *Sequa Corp.*, 156 F.3d at 144)).